UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK RUBIN and DEBORAH RUBIN,

Plaintiffs,

v.

KIRKLAND CHRYSLER-JEEP, INC.,

Defendant.

CASE NO. CV05-0052C

ORDER

This matter comes before the Court on the Plaintiffs' motion to compel Defendant to supplement its responses to Plaintiffs' First Set of Interrogatories and Requests for Production and to fully respond to Plaintiffs' Second Request for Production (Dkt. No. 16). Having reviewed the materials submitted by the parties and determined that oral argument is not necessary, the motion is GRANTED IN PART and DENIED IN PART for the reasons set forth below.

I.   BACKGROUND

The Plaintiffs filed this action on January 11, 2005 alleging racial/religious harassment, retaliatory termination for reporting racial/religious and sexual harassment, and wrongful termination in violation of Washington public policy. Plaintiffs served their First Set of Interrogatories and Requests for Production on the Defendant on April 5, 2005. (Subit Decl., Ex. 1.) Defendant served its responses on May 27,

ORDER – 1

2005. (*Id.*, Ex. 2.) On June 24, 2005 the parties met and conferred about discovery issues, and Defense counsel agreed to supplement Defendant's responses. (*Id.*, Ex. 3 and 4.) The Plaintiffs' served their second requests for production on June 17, 2005. (*Id.*, Ex. 5.) Defendant failed to respond by the July 18, 2005 deadline. On July 27, 2005, Plaintiffs' counsel reminded Defendant's counsel of his promise to supplement responses to Plaintiffs' first set of written discovery and his failure to respond to Plaintiffs' second set. (*Id.*, Ex. 6.) While Defense counsel replied that responses would come within two weeks (*Id.*, Ex. 7), the Defendant did not respond any further before Plaintiffs filed this motion to compel on August 25, 2005 (Pl.'s Mot. Compel 4).

In its response to Plaintiffs' motion, Defendant states that it faxed the material at issue in the motion to compel to Plaintiffs' counsel on September 6, 2005. (Def.'s Resp. 1.) Plaintiff replied that it did not receive the fax, but received the responses by messenger on September 8, 2005. (Pl.'s Reply 1.) Plaintiff contends that the Defendant's supplemental answers remain incomplete. (*Id.* at 2.) However, the Defendant continues to assert that it has provided all responsive information available to it. (Def.'s Reply 1-2.)

## II.     ANALYSIS

If a responding party has not answered an interrogatory or has given an incomplete answer, the discovering party may move for the court to grant an order compelling a sufficient answer. Fed. R. Civ. P. 37(a)(2)(B), (a)(3). However, such a motion must be accompanied by a certification that the movant conferred, or attempted to confer, with the non-disclosing party in an effort to resolve the dispute. *Id.* 37(a)(2)(A). The Plaintiffs here have demonstrated that they have conferred with the non-disclosing party in an attempt to resolve the discovery dispute before bringing the matter before the Court.

While the interrogating party must seek the order under Rule 37(a) compelling answers, the burden is on the responding party to justify its objections or failure to provide complete answers to the interrogatories. Fed. R. Civ. P. 33(a) (Adv. Comm. Notes 1970). Defendant must respond to Plaintiffs' interrogatories fully. Fed. R. Civ. P. 33(a), (b)(1). Defendant has not shown it has done so.

ORDER – 2

*A. First Set of Interrogatories and Requests for Production*

The Plaintiffs still assert, even after the Defendant supplemented its responses after this motion was filed, that Defendant's responses to Interrogatories No. 7, 8, 16, 17, and Request For Production ("RFP") No. 25 remain inadequate. (Pl.'s Reply 2.) The Court agrees.

Defendant's response to Interrogatory No. 7 is inadequate. This interrogatory requests Defendant to "Identify all meetings and/or communications among the following persons related to Mr. Rubin, including but not limited to his work performance and his workplace complaints: Darryl Wronghold (Rongholt), Sevynn Leverette, James Womack, Julian Walters, or any other lead, supervisor or manager of defendant." (Subit Decl., Ex. 1 at 6.) Defendant's response directs Plaintiffs to their personnel files, and that they should see "the response to #5, #9, RFP #11, #12, and RFP #14." (*Id.*, Ex. 2 at 2.) An answer to an interrogatory "should be complete in itself and should not refer to the pleadings, or to other depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." *Smith v. Logansport Cmty. School Corp.*, 139 F.R.D. 637, 650 (N.D. Ind. 1991); *see also Guruwaya v. Montgomery Ward, Inc.*, 119 F.R.D. 36, 40 (N.D. Cal. 1988) (responding to an interrogatory by reference to another interrogatory is not proper procedure according to Rule 33(a)). In this case an elaborate comparison of answers is required to determine whether the response is adequate because the Defendant references five different responses.[1] Furthermore, it is unclear whether Defendant is referencing Interrogatory No. 12 or RFP No. 12. Because a great deal of effort must be

---

[1] The response to Interrogatory No. 5 provides the identities of the persons involved in the disciplinary decisions with respect to Mr. Rubin; the response to Interrogatory No. 9 provides information relating to a sales meeting during which Mr. Rubin made an "inappropriate outburst;" the documents produced in response to RFP # 11 relate to Ms. Rubin's written complaint; and the documents produced in response to RFP #14 relate to Defendant's contention that Mr. Rubin welcomed or did not find the workplace subjectively hostile on the basis of race or religion. RFP #12 references RFP #9 which simply states "See [Mr. Rubin's] personnel file," while Interrogatory #12 provides facts and circumstances from which the Defendant has formed its contention that Mr. Rubin welcomed or did not find the workplace subjectively hostile. (Subit Decl., Ex. 1-2.)

ORDER – 3

exerted to determine whether Defendant's response to Interrogatory No. 7 is adequate, the Defendant is ORDERED to supplement its response to Interrogatory No. 7 by providing all responsive, non-privileged information available to it, without reference to any other interrogatories or requests for production.

The Defendant's response to Interrogatory No. 8 is also inadequate.  Interrogatory No. 8 requests Defendant to "Identify all meetings and/or communications among the following persons related to Ms. Rubin, including but not limited to her work performance and her workplace complaints: Darryl Wronghold (Rongholt), Sevynn Leverette, James Womack, Julian Walters, or any other lead, supervisor or manager of defendant."  (Subit Decl., Ex. 1 at 6.)  Defendant's response states "See response to #7 and #2."  (Subit Decl., Ex. 2 at 2.)  This response is inadequate for several reasons.  First, Interrogatories No. 7 and No. 2 request information relating to Mr. Rubin, while Interrogatory No. 8 requests information relating to Ms. Rubin. Second, the response to Interrogatory No. 7 is inadequate, therefore it cannot serve as an adequate response to Interrogatory No. 8.  *See Monroe v. Ridley*, 135 F.R.D. 1, 3 (D. D.C. 1990) (A party cannot answer one interrogatory simply by referring to another equally unresponsive answer.).  Therefore, Defendant is ORDERED to supplement its response to Interrogatory No. 8 by providing all responsive, non-privileged information available to it, without reference to any other interrogatories or requests for production.

The Defendant's response to Interrogatory No. 16 is also inadequate. Interrogatory No. 16 requests Defendant to "Separately, for each affirmative defense set forth in defendant's answer to plaintiffs' complaint in this action, identify all facts and documents supporting that affirmative defense." (Subit Decl., Ex. 1 at 11.)  The Defendant's response states that its affirmative defenses speak for themselves. (*Id*., Ex. 2 at 6.) This response provides no information, yet alone information responsive to the request.  Therefore, the Defendant is ORDERED to fully and completely respond to Interrogatory No. 16 by providing the responsive, non-privileged facts and documents available to it that support its affirmative defenses, without reference to other interrogatories or requests for production.

The Defendant's response to Interrogatory No. 17 is also inadequate.  Interrogatory No. 17

ORDER – 4

requests Defendant to "Identify by reference to each Interrogatory and Request for Production, or sub-part thereof, the name and current home address of each person who answered or participated in answering the interrogatory or request for production, or sub-part thereof.  This interrogatory may be answered at the conclusion of your answer to each individual interrogatory or request for production." (Subit Decl., Ex. 1 at 12.)  The Defendant initially objected to this request on the grounds that it sought privileged attorney-work product.  (*Id*., Ex. 2 at 6.)  The parties then agreed that Defendant would provide witnesses for each interrogatory.  (*Id*., Ex. 3 and 4.)  Defendant does name witnesses in some of its responses; however, not all of the responses to the interrogatories contain the names of witnesses.  (*See Id*., Ex. 2.)  Even after the Defendant agreed to provide the witnesses for each interrogatory, it did not do so.  Therefore, the Defendant is ORDERED to supplement its response to Interrogatory No. 17 by specifically identifying the witnesses for each interrogatory.

Finally, Defendant's response to RFP No. 25 is inadequate.  RFP No. 25 asks Defendant to "Please produce any documents related to plaintiffs, to the extent not already produced in response to the preceding discovery requests."  (Subit Decl., Ex. 1.)  After Defendant objected on grounds that this request was vague, the parties agreed to limit the request to "all documents not already produced related to the beginning, end, or terms or conditions of my clients' employment with your client."  (Subit Decl., Ex. 3.)  Defendant did not supplement its response after this agreement, but contends that it has provided all documents related to the Plaintiffs' employment.  If the Plaintiffs have specific documents that they are seeking they should request that Defendant produce them in response to RFP No. 25.  Otherwise, it is unclear from the record whether the Defendant actually has produced all documents relating to Plaintiffs' employment.  Therefore, the Defendant is ORDERED to produce all responsive, non-privileged employment documents, not already produced, wherein one or both of the Plaintiffs is mentioned directly or indirectly.

*B. Second Requests for Production*

Defendant has adequately responded to RFP No. 27, which asks Defendant to "Please produce all

ORDER – 5

1  bank contracts defendant issued or made during Julian Waters' tenure at defendant." Defendant provided
2  this information in its supplemental responses received by the Plaintiffs on September 8, 2005. (Phelan
3  Decl., Ex. 1.)  Therefore, the Plaintiffs' motion to compel a response to the Second Requests for
4  Production is moot and is DENIED.
5          For these reasons, it is hereby ORDERED:
6  (1) Plaintiffs' motion to compel Defendant to supplement its responses to the First Set of Interrogatories
7  and Requests for Production is GRANTED.
8  (2) Plaintiffs' motion to compel Defendant to respond fully to the Second Requests for Production is
9  DENIED.
10  (3) Defendant is ORDERED to supplement its response to Interrogatories No. 7 and No. 8 by providing
11  all responsive, non-privileged information available to it, without reference to any other interrogatories or
12  requests for production.
13  (4) Defendant is ORDERED to fully and completely respond to Interrogatory No. 16 by providing the
14  non-privileged facts and documents available to it that support its affirmative defenses, without reference
15  to other interrogatories or requests for production.
16  (5) Defendant is ORDERED to supplement its response to Interrogatory No. 17 by specifically
17  identifying the witnesses for each interrogatory.
18  (6) Defendant is ORDERED to fully respond to Request for Production No. 25 by producing all non-
19  privileged employment documents, not already produced, wherein one or both of the Plaintiffs is
20  mentioned directly or indirectly.
21          SO ORDERED this 27th day of September, 2005.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE

26  ORDER – 6