UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK RUBIN and DEBORAH RUBIN,

Plaintiffs,

v.

KIRKLAND CHRYSLER-JEEP, INC.,

Defendant.

CASE NO. C05-0052C

ORDER

This matter comes before the Court on Defendant's motion to file an *in camera* declaration (Dkt. No. 23) in support of its motion to compel depositions from non-party the Equal Employment Opportunity Commission ("EEOC") (Dkt. No. 22). Having considered the papers submitted by Defendant and having determined that oral argument is unnecessary, the Court finds and rules as follows.

This case arises from Plaintiffs' allegations of discriminatory and harassing conduct by certain of their fellow employees at Defendant's car dealership. Plaintiffs lodged complaints with the EEOC related to the alleged conduct. Defendant has now moved to compel EEOC to submit to depositions related to those complaints. In support of that motion, Defendant has lodged with the Court a twelve-page declaration by its counsel, with supporting exhibits, but has not served the declaration or exhibits on Plaintiffs or the EEOC; nor has it filed those papers on the Court's public docketing system. The "declaration" itself contains defense counsel's factual allegations related to Plaintiffs' interactions with the EEOC, a litany of counsel's past experiences practicing against EEOC attorneys, and a substantial

ORDER – 1

1  amount of legal argument in support of Defendant's motion to compel. Most of the arguments in the
2  declaration are not contained in the motion to compel itself.
3       Defendant has styled the present motion as a request "to file an *in camera* declaration and
4  authority in support of [its] motion to compel depositions from the EEOC." (Def.'s Mot. 1.) It appears
5  that Defendant is requesting that the Court (1) review the declaration and exhibits *in camera*, (2)
6  consider those materials in the Court's adjudication of Defendant's motion to compel, and (3) permit the
7  filing of the declaration and exhibits under seal to preclude access by Plaintiffs and the EEOC. In support
8  of these unusual procedural requests, Defendant argues that the factual and legal content in the
9  declaration and exhibits is essential to the showing of good cause required to support its motion to
10 compel, but that permitting the EEOC to review that content in advance of the depositions "would be
11 tantamount to handing over [Defendant's] cross-examination script to the witnesses." (Def.'s Mot. 2.)
12      In the Ninth Circuit, a party may move for *in camera* inspection of discovery materials about
13 which the parties dispute claims of privilege, and request that the district court rule on the privilege issues
14 before requiring the production of those materials. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*,
15 331 F.3d 1122, 1136 n.6 (9th Cir. 2003) ("[*I*]*n camera* inspection is a commonly-used procedural
16 method for determining whether information should be protected or revealed to other parties.").
17 However, in this case Defendant has made no such privilege argument, and the materials to be protected
18 are not subject to a discovery request—indeed, the exhibits to the declaration appear to have been
19 produced by parties other than Defendant.
20      Instead, Defendant has made something akin to an argument that the declaration (both its factual
21 allegations and legal argument) is attorney work product. Specifically, Defendant appears to argue that
22 the declaration constitutes its counsel's mental impressions and opinions prepared in the course of
23 defending this case. *Cf.* FED. R. CIV. P. 26(b)(3) ("[T]he court shall protect against disclosure of the
24 mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a
25 party concerning the litigation."). Of course, no party has requested discovery of these materials; rather,
26 ORDER – 2

Defendant argues that the declaration is too important not to file in support of its motion to compel, but too sensitive to reveal to the target of that motion.  The Court will not permit Defendant to use the content of the declaration and exhibits as a sword (in support of its motion to compel) while at the same time erecting the shield of privilege to prevent disclosure to the EEOC.  *Cf.* 23 AM. JUR. 2D *Depositions and Discovery* § 49 (2005) (work-product protection may be waived "when counsel makes testimonial use of the material" or asserts claim that "puts in issue the contents of a document otherwise protected").  Accordingly, while the Court has conducted an *in camera* inspection of the declaration and exhibits, this inspection has been solely to determine whether Defendant has made a showing sufficient to justify work-product or privilege protection of those materials.

Based on the Court's inspection of the declaration and exhibits, Defendant has made no such showing.  Therefore, the Court must also find that Defendant has failed to satisfy the "good cause" requirement in Rule 26(c) for filing materials under seal.  *See* FED. R. CIV. P. 26(c).  Nor has Defendant provided any other justification for the Court to invoke its "inherent power to seal documents." *United States v. Shyrock*, 342 F.3d 948, 983 (9th Cir. 2003).  The Court will not exercise its discretion to prevent the EEOC from reviewing and responding to facts and arguments[1] that Defendant would otherwise have the Court consider in adjudicating the motion to compel.

For the foregoing reasons, the Court GRANTS Defendant's motion, construed in part as a request for *in camera* inspection of counsel's declaration.  However, the purpose and scope of the Court's *in camera* inspection has been strictly limited to adjudicating what the Court further construes as Defendant's request to file the declaration under seal.  Finding insufficient justification on privilege or

---

[1] The Court further notes that there is no proper place in a declaration for the extensive legal argument present in Defendant's declaration.  As a general rule, declarations should conform to the requirements of Rule 56(e) and 28 U.S.C. § 1746.  If Defendant wished the Court to consider the legal arguments in its declaration, the appropriate place for those arguments would have been in its motion to compel.

ORDER – 3

other grounds for excluding Plaintiffs and the EEOC from access to the declaration, the Court DENIES this request.

The Court will not consider the declaration or exhibits, as presently lodged, in the course of adjudicating Defendant's motion to compel. However, the Court GRANTS Defendant LEAVE to re-file the declaration and exhibits within three court days of this Order.[2] Defendant may resubmit those materials in any amended form it wishes, provided that (1) the declaration contains no legal argument, (2) sufficient justification underlies any redactions or other claims of privilege or work-product protection, and (3) the materials are filed publicly on the Court's docketing system and served on Plaintiffs and the EEOC.

Finally, counsel for Defendant is DIRECTED to contact the Court promptly to request that the Court either destroy or return to counsel all presently lodged copies of the declaration and exhibits.

SO ORDERED this 7th day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[2] This compressed time frame is required to provide the EEOC a meaningful opportunity to review Defendant's declaration (in whatever form Defendant chooses to re-file the declaration, if at all) and to respond to the content of the declaration and exhibits in its opposition to Defendant's motion to compel. That motion has recently been renoted for October 21, 2005. (*See* Dkt. No. 26.)

ORDER – 4