UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK RUBIN and DEBORAH RUBIN,

    Plaintiffs,

  v.

KIRKLAND CHRYSLER-JEEP, INC.,

    Defendant.

CASE NO. C05-0052C

ORDER

This matter comes before the Court on Defendant's motions to compel the Equal Employment Opportunity Commission ("EEOC") to submit to depositions (Dkt. Nos. 22, 28), Plaintiffs' motion to enforce the Court's orders (Dkt. No. 35), and Defendant's motion to continue the mediation deadline (Dkt. No. 42). Having considered the papers submitted by all parties and the EEOC, and finding oral argument unnecessary, the Court DENIES Defendant's motions to compel, GRANTS IN PART Plaintiffs' motion to enforce, and GRANTS Defendant's motion to continue the mediation deadline.

**I.     Defendant's Motion to Compel Depositions by EEOC**

    *A.     Factual and Procedural Background*

Because Defendant's motions to compel are the product of a circuitous filing and re-filing process resulting in two separate motions containing distinct arguments and requests for relief, some procedural

ORDER – 1

and factual background is required.  This case arises from Plaintiffs' submission of complaints to the EEOC, in April 2004, of discriminatory and retaliatory conduct by employees at Defendant's car dealership.  In May 2004, EEOC investigator Valarie Johnson began reviewing Plaintiffs' charges and compiled a file of her factual investigation.  (*See* EEOC's Opp'n 3.)  In September, before Johnson had concluded her investigation, she spoke with Plaintiffs by phone, advising them that based on the evidence she had gathered to date, she would likely be recommending a no cause determination—that is, EEOC's written conclusion that a completed investigation revealed no reason to believe that a violation of Title VII took place.  *See Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986).  Johnson advised Plaintiffs that they could either provide additional evidence "to support a contrary finding," or request a Notice of Right to Sue ("NRTS") letter.  (EEOC's Opp'n 4.)  The latter course would result in the Commission issuing a letter to Plaintiffs advising them that they had exhausted their administrative remedies and were authorized to commence a civil action against Defendant.  *See generally* 45C AM. JUR. 2D *Job Discrimination* § 1982 (2005).  Plaintiffs requested the NRTS letter, and EEOC terminated its investigation and issued the letters.  (EEOC's Opp'n 4.)  Johnson therefore did not recommend either a cause or no cause finding to her EEOC supervisors, and no such finding was issued. (*Id.*)  Plaintiffs filed this suit in January 2005.

Seeking discovery into why the EEOC did not complete its investigation and issue a no-cause finding, Defendant issued a subpoena in May 2005 to depose certain EEOC personnel.  Following informal discussions in which depositions were scheduled and cancelled, EEOC produced to Defendant its investigative files on Plaintiffs' complaints, authenticated by the EEOC's district director.  (*Id.* 5.)  In August, Defendant again notified EEOC of its intent to depose a number of EEOC personnel; EEOC responded that such depositions would violate the deliberative-process privilege and thus declined to produce any deponents.  (*Id.*)

Defendant filed its first motion to compel on September 18, arguing that only through depositions of EEOC personnel would it be able to discern Plaintiffs' "thought processes" related to their complaints.

ORDER – 2

(*See* Dkt. No. 22, at 2–3.) Defendant further argued that its only effective means of combating the presumed trustworthiness and admissibility of EEOC findings was to probe the process behind EEOC's communications with Plaintiffs. (*See id.* 3–5.) The Court denied Defendant's request to seal a declaration and exhibits filed in support of its motion and directed Defendant to re-file those materials publically or not at all. (*See* Dkt. No. 27.)

Rather than re-file just the declaration in support of its original motion, Defendant filed what was apparently intended to be an amended motion to compel with a new declaration in support thereof. (Dkt. Nos. 28, 30.) Defendant's second motion was directed at its alleged entitlement to a no-cause finding by EEOC based on the information available to the EEOC when it offered Plaintiffs the option of an NRTS letter. (Dkt. No. 28 at 3–4.) Defendant again sought to depose EEOC personnel to discover why they did not complete their investigation; such evidence, Defendant argues, is necessary to combat the presumption in this circuit that EEOC investigations are conducted in an "impartial" and "professional" manner. (*Id.* 6–7.) Similar to the motion and declaration Defendant filed originally, its second round of papers details an ongoing professional dispute, over the course of several cases, between its counsel and counsel for the EEOC in Seattle. (*See, e.g.*, Dkt. No. 30, at 4–5.)

Following a round of stipulated extensions of time to respond, EEOC filed its opposition and argued that it has produced its investigator's notes on these issues, but any further discovery would (1) cause undue burden to the commission, (2) be cumulative to the notes already produced, (3) not lead to relevant evidence, and (4) trample on the deliberative-process privilege. (*See* Dkt. No. 37.)

    B.    *Legal Analysis*

Defendant's tortuous quest for depositions is simply an attempt to discover why EEOC did not complete its investigation into Plaintiffs' allegations, and whether EEOC actually did make a no-cause finding "but concealed it behind a Right to Sue letter." (Dkt. No. 28, at 7.) As such, the Court must answer a relatively simple question under Rule 26: will permitting Defendant to depose EEOC personnel

ORDER – 3

about its investigation lead to the discovery of relevant evidence? *See* FED. R. CIV. P. 26(b)(1).  The Court answers this question in the negative, for the reasons that follow.

First, and most importantly, the relevant issues in this case surround whether Defendant's employees did or did not violate Title VII by their actions towards Plaintiffs—not whether EEOC's internal deliberative process was flawed or whether its counsel have treated Defendant's counsel fairly in this or any other case.  *See E.E.O.C. v. Chicago Miniature Lamp Works*, 526 F. Supp. 974, 974 (N.D. Ill. 1981) (declining to permit parties to "litigate as a preliminary matter whether EEOC had a reasonable basis for its determination").  Defendant is correct, as a general matter, that in the Ninth Circuit a plaintiff may introduce "'an EEOC probable cause determination in a Title VII lawsuit, regardless of what other claims are asserted, or whether the case is tried before a judge or jury.'" *Gilchrist*, 803 F.2d at 1500 (quoting *Plummer v. W. Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir. 1981)).  In cases where EEOC actually issues such a determination, it is also true that defendants are "free to present evidence refuting the findings of the EEOC and may point out deficiencies in the EEOC determination." *Plummer*, 656 F.2d at 505 n.9.

But EEOC has issued no such determination in this case, as was its prerogative.  *See* 29 C.F.R. § 1601.19 (requiring EEOC to "issue a letter of determination to all parties" only *after* it "completes its investigation of a charge").  There is no EEOC document that Plaintiffs could introduce as evidence of a Title VII violation, and Defendant's attempts to refute a non-existent determination cannot lead to relevant evidence.  "That line of inquiry would deflect the efforts of both the Court and the parties from the main purpose of this litigation: to determine whether [Defendant] has actually violated Title VII." *Chicago Miniature Lamp Works*, 526 F. Supp. at 974.  Moreover, the principle that an EEOC "determination that insufficient facts exist to continue an investigation" may be admissible at trial does not aid Defendant when no such determination exists.  *See Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999) (such determinations constitute "final ruling" and "finding of no probable cause").

ORDER – 4

Additionally, Defendant argues strenuously that EEOC should not be permitted to shut down its investigation prematurely when a no-cause finding appeared likely, and instead bail out Plaintiffs by offering a NRTS letter. (*See* Dkt. No. 3.) Whatever the motivation for EEOC's actions, the Court will not indulge defense counsel's personal quest to expose what he views as improprieties in EEOC's practices. *See Lang v. Kohl's Food Stores, Inc.*, 185 F.R.D. 542, 549 (W.D. Wis. 1998) ("Although defendants are persuaded that the EEOC is in plaintiffs' camp, the EEOC is not a party to and has no interest in this lawsuit. Its job is done and it has moved on to other matters."). EEOC's duty to report its findings to all parties attaches only after it has completed its investigation and run its proposed determination through internal review. *See* 29 C.F.R. § 1601.19; (EEOC Opp'n 8). In the absence of an agency determination bearing on the evidence in this case, the Court will not compel EEOC personnel to satisfy Defendant's peripheral inquiry into why and how they conducted this (or any other) investigation. *See E.E.O.C. v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984) ("[T]he nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency.").[1]

The Court therefore DENIES Defendant's motions to compel depositions by EEOC personnel.

## II.  Plaintiffs' Motion to Enforce the Court's Order Compelling Responses

On September 27, 2005, the Court ordered Defendant to serve more complete responses to Plaintiffs' interrogatories 7 and 8, among others. (Dkt. No. 24, at 3–4.) Plaintiffs argue in the present motion that Defendant has not yet provided adequate responses to those interrogatories, specifically by failing to locate two former employees. (Pl.'s Mot. 3–4.) Defendant responds that it has recently located those individuals, and that there was no need for augmented interrogatory responses when it produced documents containing the responsive information "in a much, much better way than any interrogatory

---

[1] Given this lack of relevance, the Court also agrees with EEOC that the discovery would be unduly burdensome under Rule 26(b)(2). EEOC has made a convincing showing regarding the weight of its case load, and it surely "has better uses for its limited resources that to . . . take two of its employees away from their desks for half a day each to defend their past actions in this closed case." *Lang*, 185 F.R.D. at 549.

ORDER – 5

1  answer can state." (Def.'s Opp'n 2.)  Nonetheless, Defendant augmented its discovery responses in an
2  attachment to a surreply.  (*See* Dkt. No. 44.)

3        The Court has already issued an unambiguous order directing Defendant to provide complete
4  responses to interrogatories 7 and 8.  Without the benefit of Plaintiffs' view of Defendant's updated
5  discovery responses, the Court's declines to engage in an *ex parte* analysis of the sufficiency of those
6  responses.   However, even without such an analysis, the Court expects compliance with its orders and
7  will reassert that expectation here.  Therefore, to the extent that Defendant's updated discovery
8  responses did not fully comply with the Court's September 27 order, Plaintiffs' motion to compel
9  compliance with that order is GRANTED.

10 **III.     Cross-Motions Regarding the Mediation Deadline**

11       In the same motion, Plaintiffs also request an order requiring the parties to engage in mediation
12 immediately, as required by the Court's order of June 1, 2005.  Defendant, in addition to opposing that
13 motion, has filed a separate motion requesting that the mediation deadline be continued for 90 days.
14 (Dkt. No. 42.)

15       At a status conference on June 1, 2005, the Court ordered the parties to complete mediation by
16 October 7, 2005. (*See* Dkt. No. 13.)  Defendant now argues, however, that mediation would be
17 unproductive before (1) it learns whether it may depose EEOC personnel, and (2) two of Defendant's
18 former employees are located.  With the issue of EEOC depositions resolved and the missing witnesses
19 apparently located,  there do not appear to be any further discovery related obstacles to a productive
20 mediation.  Defendant nonetheless asserts that mediation would be unproductive until after the Court
21 resolves Defendant's as-yet unfiled summary judgment motion. (*See* Def.'s Opp'n 6–7.)

22       The Court would not ordinarily be inclined to excuse the parties from their obligation to attempt
23 mediation based on now-resolved discovery disputes and the ever-present potential that pretrial motions
24 could prove dispositive.  However, the obvious contentiousness between the parties and counsel in this
25 case suggests that this may not be an ideal candidate for alternative dispute resolution.  And with

26 ORDER – 6

discovery all but completed, the Court finds that providing the parties time to file dispositive motions before the mediation date would be reasonable. Plaintiffs' motion to compel immediate mediation is therefore DENIED, and Defendant's motion to continue the mediation date is GRANTED. The parties are ORDERED to participate in mediation consistent with CR 39.1(c) by February 3, 2006.

### IV. Conclusion and Order

In sum, the Court DENIES Defendant's motion to compel depositions from EEOC personnel. The Court GRANTS Plaintiffs' request to compel compliance with the Court's order of September 27, 2005, and GRANTS Defendant's motion to continue the mediation date. The Court further ORDERS the parties to engage in mediation by February 3, 2006.

SO ORDERED this 15th day of November, 2005.

/s/ John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 7