UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK RUBIN, and DEBORAH RUBIN,

    Plaintiffs,

    v.

KIRKLAND CHRYSLER JEEP INC., EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Defendants,

    v.

TRUSTEE RONALD G. BROWN,

    Interested Party.

CASE NO. C05-0052-JCC

ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment. (Dkt. No. 88). Having reviewed the parties' relevant submissions and determined that oral argument is not necessary, the Court hereby GRANTS Defendant's motion.

**I.   BACKGROUND AND FACTS**

The relevant facts are not in dispute. Plaintiffs filed this employment action in which they claimed to have been terminated in retaliation for their respective complaints about racial and sexual harassment.

ORDER – 1

On April 13, 2006, this Court granted Defendant's motion for summary judgment as to Plaintiff Deborah Rubin's claim but otherwise denied Defendant's motion to dismiss Plaintiff Mark Rubin's claims. (Dkt. No. 74.)

On April 17, 2006 Plaintiffs' counsel filed a motion to withdraw one week before a scheduled jury trial. (Motion to Withdraw as Counsel for Mark Rubin (Dkt. No. 78).) The next day, Plaintiff Mark Rubin's father filed a letter disclosing, among other matters, that Mark Rubin filed for bankruptcy in October of 2005. (Dkt. No. 81.) Unbeknownst to the Court, Plaintiff Mark Rubin had filed a voluntary petition for Chapter 7 liquidation on October 15, 2005. (*See* Chapter 7 Voluntary Petition (Dkt. No. 1 in BK05-28749-KAO).) That bankruptcy proceeding had been discharged by the bankruptcy judge on February 21, 2006 without any distribution of assets. (Discharge of Debtor (Dkt. No. 6 in BK05-28749-KAO).) In Plaintiff Mark Rubin's bankruptcy petition, which he signed under penalty of perjury, he declared that he was not a party to any suit pending within one year of the date of his petition. (Chapter 7 Voluntary Petition at 22.)

Upon learning of the bankruptcy matter, this Court issued an Order on April 19, 2006 that vacated the trial date in this action and stayed the case pending a decision by the United States Trustee to prosecute or abandon the case. (April 19, 2006 Order (Dkt. No. 83).) The bankruptcy court also reopened the bankruptcy proceedings. (Ex Parte Order Reopening Chapter 7 Case (Dkt. No. 11 in BK05-28749-KAO).). An attorney for the Trustee filed a notice of appearance on May 2, 2006. (Dkt. No. 84.) Approximately seven months later, Defendant filed the instant summary judgment motion. On January 17, 2007, the bankruptcy court authorized the Trustee to abandon the Trust's interest in the litigation before this Court. (Order Authorizing Abandonment of Claims 1 (Dkt. No. 24 in BK05-28749-KAO).)

**II.    LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure states that a party is entitled to summary judgment in its favor "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

ORDER – 2

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The moving party bears the burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue for trial. *Anderson*, 477 U.S. at 250.

**III. ANALYSIS**

As the Trustee has already abandoned its claim in the instant litigation, the only issue is whether Defendant is entitled to summary judgment on the grounds of judicial estoppel. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

Due to the striking similarities between this case and the Ninth Circuit's decision in *Hamilton*, the Court holds that Plaintiff is judicially estopped from pursuing his claims. In *Hamilton*, the Ninth Circuit held that a plaintiff was judicially estopped from pursing litigation claims that he failed to disclose to the bankruptcy court when the bankruptcy court had discharged the relevant debt, even though the discharge was later vacated. *Id.* at 784. The exact same circumstances occurred in this case. Indeed, the facts of this case provide an even better justification for the imposition of judicial estoppel. In *Hamilton*, the litigant merely knew the facts that would give rise to the litigation claims but had not actually filed a claim at the time he filed for bankruptcy. *Id.* Here, Plaintiff Mark Rubin had filed suit and was actively engaged in

ORDER – 3

litigation when he declared under penalty of perjury in the bankruptcy proceedings that he was not a party to any lawsuit. The law could not be more clear that judicial estoppel is warranted in such cases.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment is hereby GRANTED.

SO ORDERED this 26th day of February, 2007.

John C. Coughenour
United States District Judge

ORDER – 4